BAY STATE LOBSTER CO., INC. *vs.* PERINI CORPORATION.   March 6, 1969. The defendant appeals from a final decree awarding the plaintiff damages for the loss of thousands of lobsters as the result of certain dredging operations conducted by the defendant in Boston Harbor adjacent to the plaintiff's wholesale lobster business. Although the defendant also filed a bill of exceptions it relies solely on its appeal from the final decree. The trial judge made a "Report of Material Facts" and the evidence is reported. On or about September 17, 1962, pursuant to a contract with the United States Coast Guard, the defendant commenced dredging operations in an area about 100 feet from the plaintiff's place of business. The defendant knew that the plaintiff maintained a stock of live lobsters in its tanks, that the lobsters required a continuous flow of circulating sea water, that the material to be dredged contained substantial quantities of silt and that dredging was likely to prove harmful to the plaintiff's lobsters. Silt raised by the dredging became suspended in the water and caused the asphyxiation of lobsters in the plaintiff's tanks. Although immediately notified that the plaintiff was suffer-

---

[1] New Bedford Five Cents Savings Bank.

ing large losses almost daily, the defendant continued the dredging operations for more than three months. The installation of extension pipelines to the plaintiff's intake pipes would have substantially reduced or even eliminated the losses. Such an operation was within the technical competence of the defendant and would have cost about one fifth of one per cent of the defendant's contract price, about $2,600. However, the defendant only attempted to install one such extension pipeline after about ten days of dredging. The plaintiff was not technically able to install extension pipelines and it could not have had them installed for three or four months. A finding of negligence was warranted. *Smith* v. *Bay State Dredging & Contr. Co.* 278 Mass. 24. The defendant's contract with the United States Coast Guard expressly provided that the defendant would be "responsible for all damages to persons or property that occur as a result of his fault or negligence." The license granted by the Department of Public Works under which the dredging was done expressly provided that "[n]othing in this license shall be so construed as to impair the legal rights of any person." A license does not constitute a defence to an action for negligence. We see no merit in the defendant's argument that there was "insufficient evidence of causation."

*Decree affirmed with costs of appeal.*

*Raymond J. Kenney, Jr.,* for the defendant.
*Stanley M. Epstein* (*Joseph Aborn* with him) for the plaintiff.